UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| COLETTE CUNNINGHAM,<br>         *Plaintiff*,<br><br>    v.<br><br>LOUDOUN COUNTY SHERIFF'S OFFICE,<br>et al,<br>         *Defendants*. | No. 1:24-cv-00472-MSN-LRV |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. ECF 6. Plaintiff Colette Cunningham claims she was denied equal pay for equal work by the Loudon County Sheriff's Office ("LSCO") and Sheriff Michael L. Chapman in violation of the Equal Pay Act.[1] For the reasons that follow, this Court will grant Defendants' motion and dismiss Plaintiff's claims.

**I.    BACKGROUND**[2]

Cunningham worked as a law enforcement officer for more than twenty years, spending eighteen of those years with the LCSO. ECF 1 ("Compl.") at ¶ 23. In January 2020, Cunningham was promoted to First Lieutenant, serving as one of the two highest-ranking women in the LCSO, and working under Captain Thomas Gilligan at the Eastern Loudoun Station." *Id.* at ¶ 24. Despite this promotion, Cunningham alleges that she "was not compensated at the same level as her male

---

[1] Cunningham also brought a separate lawsuit alleging Title VII claims of sex discrimination and retaliation against the Loudoun County Sheriff's Office. *Colette Cunningham v. Loudoun County Sheriff's Office, et al.*, Case No. 1:23-cv-01626-MSN-LRV.

[2] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

counterparts, even though she had similar or superior qualifications to the men who received the promotions." *Id.* at ¶ 25.

After Captain Gilligan was reassigned in June 2020, the responsibility of running the Eastern Loudon Station fell to Cunningham. *Id.* at ¶ 29. Accordingly, Cunningham performed the duties of the Station Commander but alleges that she was "not compensated as a Captain or as other station commanders," nor was she officially appointed to serve as "Acting Station Commander." *Id.* at ¶¶ 30, 31. Cunningham claims she was also required to do additional work while serving as the *de facto* Station Commander. *Id.* at ¶ 30, 33. For example, unlike other male Station Commanders of different stations, Cunningham was not provided an administrative assistant and thus had to perform additional duties typically performed by such assistants. *Id.* at ¶¶ 33, 34. Because Cunningham had to perform her *de facto* Station Commander and First Lieutenant Duty Officer roles concurrently, she worked every day without a break.³ *Id.* at ¶ 39. Cunningham made repeated requests to work Monday-Friday instead, but these requests were continually denied. *Id.* Cunningham claims that "among the *de facto* and *de jure* Station Commanders," she was "the only woman in the role of running a station [who] was required to perform shift work, and was not permitted a Monday through Friday schedule." *Id.* at ¶42. Cunningham continued in both roles until March 2021 when she "was relieved of her duties and the Station Commander from Western Loudoun Station, Captain Ahleman, was transferred to be the Station Commander at the Eastern Loudoun Station." *Id.* at ¶¶ 38, 47.

Cunningham claims her "last discriminatory paycheck as acting station commander was March 26, 2021 and her last discriminatory paycheck as First Lieutenant was January 2022." *Id.*

---

³ First Lieutenant Duty Officers were required to work on the weekends and nights, while station officers worked a Monday through Friday schedule. *Id.* at ¶ 38.

at ¶ 55. Accordingly, Cunningham alleges violation of the Equal Pay Act against LCSO and Sheriff Chapman in his official capacity. Specifically, she alleges that she was:

> was unlawfully discriminated against in violation of 29 USCS § 206(d)(1) when she was denied, *inter alia*, a Monday through Friday schedule when operating as the *de facto* East Loudoun Station Commander; was forced to serve as Duty Officer when other (male) 1st Lieutenant Station Commanders were not required to do so; was not given the rank or title associated with her job responsibilities despite similarly-situated males receiving them; and was not paid commensurate with other (male) operating Station Commanders.

*Id.* at ¶ 57.

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.l. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

## III.   ANALYSIS

This Court finds that Plaintiff has failed to allege sufficient facts to state a claim under the Equal Pay Act. The Complaint must therefore be dismissed under Fed. R. Civ. P. 12(b)(6). The Equal Pay Act prohibits:

> Discriminat[ing] . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by

quantity or quality of production; or (iv) a differential based on any other factor other than sex . . . .

*Spencer v. Virginia State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019) (quoting 29 U.S.C. § 206(d)(1)). To make a prima face case for an Equal Pay Act violation, a plaintiff must establish that (1) the employer "paid higher wages to an employee of the opposite sex who (2) performed equal work on jobs requiring equal skill, effort, and responsibility (3) under similar working conditions." *Id.* (citing *EEOC v. Maryland Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018)) (emphasis added).

Plaintiff fails to allege facts sufficient to establish her employer paid higher wages to male employees. Plaintiff does not allege what wages her male comparators received nor how she was paid differently. Plaintiff simply states she received incommensurate pay, but that is a conclusory claim insufficient to support her Complaint. *See, e.g.*, *Strag v. Bd. of Trustees, Craven Community College*, 55 F.3d 943, 949 (4th Cir. 1995) ("[A]n Equal Pay Act plaintiff 'cannot rest on the bare allegation' that she is receiving lower pay for equal work." (citation omitted)). Furthermore, Plaintiff's allegation about the denial of a Monday-Friday schedule is a claim relating to schedule, duties, and rank, which does not fall within the prohibitions of 206(d)(1)). Because Plaintiff fails to plead anything indicating how her pay was unequal, she has failed to state a claim under the Equal Pay Act.[4]

## IV. CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that Defendants' Motion to Dismiss (ECF 6) is **GRANTED**; and it is further

---

[4] To the extent Plaintiff argues that terms of her employment were different because of her sex, that question is, again, before the Court in a different case, 1:23-cv-01626.

Furthermore, the Court need not reach Defendants' argument that portions of Plaintiff's Equal Pay Act are time-barred, *see* ECF 7 at 4, because the Court has found that Plaintiff has failed to state a claim.

4

**ORDERED** that Plaintiff's claims against Defendants are **DISMISSED**.

The Clerk is directed to close this civil Action.

It is **SO ORDERED.**

/s/
Hon. Michael S. Nachmanoff
United States District Judge

October 15, 2024
Alexandria, Virginia